UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL NURSE, and ELMISA WHIGHAM, individually, and on Behalf of All Others Similarly Situated;

    Plaintiffs,

v.                                                                    CASE NO.:

GEORGIA CLINIC, PC and NARESH K. PARIKH, MD,

    Defendants.
_____/

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, **PAUL NURSE,** (referred to herein as "Nurse") and **ELMISA WHIGHAM**, (referred to herein as "Whigham") individually and on behalf of all others similarly situated (referred to herein as the "Putative Class"), and brings this Collective Action lawsuit against the above captioned Defendants, **GEORGIA CLINIC, PC,** (referred to herein as "GCPC") and **NARESH K. PARIKH, MD** ("Parik") pursuant to *29 U.S.C. § 216(b)*, the Fair Labor Standards Act (the "FLSA"), for willfully failing to pay overtime wages in violation of Section 207, and in support thereof, Plaintiffs state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over claims under the FLSA pursuant to 29 U.S.C. §216 (b), which states, in relevant part, "[a]n action to recover… may be maintained … in any Federal or State court of competent jurisdiction."

2. This Court has personal jurisdiction over the Defendants in this action because Defendants are engaged in business throughout the state of Georgia and the operate substantial business in this District through its one or more primary offices located at either 1861 Peeler Road, Dunwoody, Georgia 30338, as listed with the Secretary of State, or at 6330 Primrose Hill Court, Norcross, Georgia 30092, as represented on the company website at http://www.gaclinicpc.com.

3. Defendant Parikh is also a resident of the state of Georgia and resides within this District and is subject to the personal jurisdiction of this Court.

4. Venue is proper to this Court pursuant to 29 U.S.C. § 216(b), because the acts complained of herein took place in this District at Defendants' principal place of business and at other locations owned and operated by Defendants from which Plaintiffs worked, including Decatur and Atlanta locations.

## THE PARTIES

5.     Defendant, GEORGIA CLINIC, PC, is a Georgia, for profit Corporation with its listed principal place of business at either 1861 Peeler Road, Dunwoody, Georgia 30338, as listed with the Secretary of State, or at 6330 Primrose Hill Court, Norcross, Georgia 30092, as represented on the company website at http://www.gaclinicpc.com, and may be served through its registered agent:  Parikh, Naresh K., at 1861 Peeler Road, Dunwoody, Georgia 30338.

6.     Defendant NARESH K. PARIKH, MD, is the CEO of Georgia Clinic, PC, and upon information and belief is the primary shareholder, partner and is the highest ranking officer of Georgia Clinic, PC.

7.     Defendant Pariksh is an employer of Plaintiffs and the class of similarly situated because he created the unlawful pay practices complained of, oversaw and instituted these unlawful pay practices, and directed and controlled the work of Plaintiffs.

8.     As an officer, manager and/or owner of Defendant, Georgia Clinic, Defendant Parikh is an employer within the meaning of the FLSA.  *See In re Van Diepen, P.A.,* 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability)

9. GCPC is the Plaintiffs' employer as defined in the FLSA and is subject to the FLSA overtime wage requirements.

10. At all times relevant to this action, Plaintiff, PAUL NURSE ("Nurse"), resided in this District and was an employee of Defendants as defined within the meaning of 29 U.S.C. §203(e)(1).

11. Plaintiff Nurse was employed by Defendants working from the Decatur office as a Medical Assistant from approximately March 2018, until August 2019.

12. Plaintiff, ELMISSA WHIGHAM ("Whigham"), was also a Medical Assistant working for the Defendants from approximately September 26, 2018, until on or about October 4, 2019.

13. Plaintiff Whigham worked as a Medical Assistant primarily in the Decatur offices, but also performed the same work during the term of her employment at Defendants Tucker and Atlanta locations.

14. Plaintiffs, and all other members of the Putative Class of similarly situated were, or are now, employees of Defendants within the meaning of 29 U.S.C §203(e)(1).

15. Plaintiffs' job duties and requirements involved setting appointments for patients, following up with patients for appointments, completion of forms,

data entry, records maintenance, clerical duties, customer service, office supply and stocking of rooms preparing for patients to be examined and treated.

16. Plaintiffs, and all others similarly situated working in the same position or job have been treated and classified by Defendant as exempt from overtime wages without any premium for overtime hours worked.

17. Plaintiffs' work duties and responsibilities should have put Defendants on notice that they, and all other persons working in the same position, should have been classified as non-exempt employees under the FLSA and paid a premium for all hours worked over forty (40) (aka overtime hours) in each and every workweek.

18. Throughout the course of their employment by GCPC, Plaintiffs were always denied overtime compensation even though they routinely worked overtime hours (more than 40 hours in a work week) with the knowledge, encouragement and at the behest of GCPC management.

19. Plaintiffs routinely began work activities before their shift officially was to start.

20. Plaintiffs routinely were required to work through most if not all of the meal break permitted, and the Defendants had no system in place to report to log in or out their break times.

21. Plaintiffs routinely were required to work beyond the ending shift time of 5:00 p.m., and were not paid any premium or additional compensation for any of their hours worked which exceeded forty (40) in any given work week.

22. For purposes of the Collective Action, Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. §216(b), and are ready, willing, able, and by their experience well-suited to be a representative plaintiffs of the Putative Class of similarly situated.

## SUMMARY OF FLSA CLASS OF SIMILARLY SITUATED

23. This case is brought by Plaintiffs as a collective action to recover from Defendants, unpaid overtime wages, liquidated damages, and the costs of reasonable attorney's fees under 29 U.S.C. §216(b), for themselves and on behalf of all similarly situated persons composed of the following class:

> **All persons presently or formerly employed with Georgia Clinic, PC, in the three (3) years preceding the filing of this Complaint who worked under the job titles of Medical Assistant or any other title used to describe the same position.**

24. In the course of their employment with GCPC, Plaintiffs, and all other similarly situated employees regularly worked in excess of forty (40) hours per work week and were not paid overtime compensation at the lawful overtime rate

for all overtime hours worked, based on Defendants' custom and practice of misclassifying employees as exempt employees.

25. Plaintiffs allege on behalf of themselves and the Putative Class of similarly situated present and former employees that they are entitled to be paid a premium for all overtime hours worked, and paid at rates of one and one half (1.5) times their regular rates of pay as required by the FLSA.

26. Defendants did not track and record and maintain contemporaneous records of the work hours of Plaintiffs as required by the FLSA; Defendants did not have any time clock, or system or program to log in and out their work times and hours.

27. Defendants maintained a policy against paying any overtime wages for Plaintiffs and the Putative Class of similarly situated Medical Assistants.

28. Plaintiffs inquired about being paid overtime wages or a premium for overtime hours and were told by management that "we don't pay overtime".

29. Defendants created and maintained a common pay practice and policy of denying and refusing to pay its Medical Assistants overtime pay for hours worked in excess of forty (40) hours per work week.

30. Defendants had a single job description, which included identical job duties and responsibilities for the Medical Assistant position applicable to all its offices.

31. The pay practices complained of herein applied at all Defendants' locations.

32. At all times material, Defendants required its Medical Assistants to routinely work in excess of forty (40) hours in a work week, and Defendants knew that the position routinely required working more than forty (40) hours to complete the job duties, and weekly requirements.

33. Plaintiffs were specifically requested to continue to work beyond the shift after 5:00 p.m. by their superiors, and understood that refusing to complete the work would subject them to disciplinary action.

34. Upon information and belief, for the three (3) year period of time before this filing, (the "FLSA Class Period"), the continued violations of §207 of the FLSA that are complained of herein have been practiced and imposed upon all Medical Assistants in all of the GCPC offices, and all Medical Assistants have routinely worked in excess of forty (40) hours per week.

35. Plaintiffs and the Putative Class are not considered exempt because "[a] job title alone is insufficient to establish the exempt status of any particular

employee … [but rather] [t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." 29 C.F.R. § 541.2.

36. Additionally, the employer, here the Defendants, carries the burden of proving any exemption to the FLSA. *O'Neal v. Barrow Cty. Bd. of Comm'rs*, 980 F.2d 674, 677 (11th Cir. 1993).

37. The job duties and responsibilities of Plaintiffs and the members of the Putative Class does not involve supervising two (2) or more full time employees.

38. The job duties and responsibilities of Plaintiffs do not involve making decisions on hiring, firing or disciplining employees, nor does their primary duties involve the exercise of independent discretion and judgment involving matters of significance affecting the company.

39. The members of the Putative Class are so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to the Plaintiffs at this time and can only be ascertained through appropriate discovery.

40. Upon information and belief, there are approximately sixty (60) or more currently employed Medical Assistants working from Defendants, sixteen

(16) or more locations, and given turnover in the last three (3) years, the size of the Putative Class is upwards of 120 or more persons.

41.   Plaintiffs will fairly and adequately protect the interests of the Putative FLSA Class and have retained counsel that is experienced and competent in collective actions and employment litigation.  Plaintiffs have no interest that is contrary to, or in conflict with, members of the Putative Class.

42.   All Medical Assistants were trained the same by Defendants and all trained to perform their job duties in similar manners.

43.   All Medical Assistants were paid on an hourly basis, and their pay stub documents confirm this, but without regard to the actual number of hours worked, and were never a premium for all hours worked above forty (40) in each and every workweek.

44.   Members of the Putative Class all had the same general corporate set work schedules of 9:00 a.m. to 5:00 p.m., Monday to Friday.

45.   All members of the Putative Class adhered to a single company employee manual, employee policies, and procedures, including a national unlawful pay practice of treating all Medical Assistants as exempt from overtime pay.

46. Throughout Plaintiffs' employment, Defendants failed to have instituted or have in place, any time tracking system, time clock, or program for employees to log in or clock in and out to record their daily work hours.

47. Defendants permitted Plaintiffs the opportunity to take a meal break each day, however, Plaintiffs and the class of similarly situated were forced and required to work through this provided meal break in order to handle their job duties, and without any means to report this additional work time.

48. Plaintiffs routinely could not even take an uninterrupted, disconnected thirty (30) minute meal break; instead primarily just taking a few minutes to eat, or eat and continue to work simultaneously and also being interrupted while attempting to take a meal break.

## COUNT I
## VIOLATION OF FLSA SECTION 29 U.S.C. § 207a, FAILURE TO PAY OVERTIME WAGES

49. The Plaintiffs readopt and re-allege the allegations of all preceding paragraphs as if fully set forth herein, and further allege:

50. Plaintiffs bring this FLSA claim on behalf of themselves and all others similarly situated which is comprised of all current and/or former employees of GCPC who work now, or have worked as Medical Assistants performed the

same work under any other job titles titles used by GCPC to describe the same position, at any time in the three (3) years preceding this filing to the present.

51. At all relevant times, Defendants have been, and continues to be, an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Defendants employed Plaintiffs and members of the Putative Class within the meaning of the FLSA.

53. At all relevant times, Plaintiffs and the Putative Class regularly worked overtime hours or hours more than forty (40) in a week, with the behest, encouragement, knowledge and expectations of Defendants.

54. As stated herein, Defendants have a common policy and practice of refusing to pay overtime compensation for employees in the Medical Assistant position for hours worked in excess of forty (40) hours per work week, regardless of the actual job duties performed or any individualized variances by each employee.

55. Defendants willfully failed to compensate Plaintiffs and the Putative Class for overtime hours they regularly worked, and continue to work, without explanation of the reasons or any alleged exemption claimed to be applicable.

56. Defendants classified the Plaintiffs as hourly, non-exempt employees, but just maintained a willful policy against paying overtime wages, and against recording their work hours, and thus permitted the Plaintiffffs to suffer to work off the clock (no time clock existed) without being paid for all hours, and without the ability to report or log their additional hours as a means for Defendants to steal their wages, reduce labor costs and increase profits.

57. Defendants knew or should have known, that the FLSA does not exempt Medical Assistants from the overtime wage requirements of Section 207, and Defendants knew or should have known that they were required under the FLSA and 29 CFR Part 516 to records the Plaintiffs work hours.

58. Defendant's failure to pay Plaintiffs and the Putative Class overtime compensation or any premium for overtime hours worked for work performed beyond forty (40) hours in each and every work week, was, and remains a willful violation of the FLSA, specifically 29 U.S.C. § 207.

59. Defendants failure to track and record the work hours of Plaintiffs the class of similarly situated is a willful violation of the FLSA as per 29 CFR Part 516.

60. Defendants have not made a good faith effort to comply with the FLSA and overtime compensation requirements of same with respect to Plaintiffs

and the Putative Class.  Defendants' violations of the FLSA are willful, deliberate, and intended to save Defendants hundreds of thousands of dollars in labor costs at the expense of the Plaintiffs and the class of similarly situated.

61. Upon information and belief, Defendants never verified, investigated or obtained any legal opinion as to the application of any exemptions under the FLSA for the Medical Assistant position or alternatively, despite knowledge of questions or challenges to the exemption classification, continued to classify the Medical Assistant position as exempt and permitted Plaintiffs to suffer to work of the clock and without being paid for al hours worked as required by the FLSA.

62. Defendants never explained to Plaintiffs and the class why they were not entitled to be paid for all overtime hours worked, or the reason or legal basis they used to deem them exempt from the FLSA.

63. Defendants falsely told Plaintiffs that they were not entitled to overtime pay.

64. Defendant never complied fully with the FLSA as it did not put in place an actual and dedicated time tracking system or time clock for employees to daily and contemporaneously log in their arrival, break, and departure times as required by the FLSA.

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. As a result of Defendant's reckless disregard of its FLSA obligations and legal requirements, and Defendants' willful violation of the overtime pay requirements of the FLSA, Plaintiffs and the Putative Class of similarly situated have suffered damages and are owed from Defendants, overtime wages for all unpaid overtime hours worked within the preceding three (3) years and continuing.

67. Plaintiffs and the class of similarly situated never agreed to waive their right to be paid overtime wages nor did they negotiate the terms of the compensation plan and their wages, and instead were misled to believe by Defendants that they were not entitled to be paid a premium for overtime hours.

68. Plaintiffs relied to their detriment on Defendants' misrepresentation that they were not entitled to be paid overtime hours, suffering without complaint and without receiving a fair day's pay for all the work hours they put forth for the benefit of Defendants.

69. Plaintiffs are entitled to an award of reasonable attorney's fees, costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

70. As a result of Defendants failure to record Plaintiffs work hours as required by 29 CFR Section 516, Plaintiffs and the Putative Class of similarly

situated may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

71. Plaintiffs and the class of similarly situated should be paid time and one half (1.5) their regular rate of pay for all overtime hours worked in excess of forty (40) in each and every work week for the preceding three (3) years from the filing of this complaint and continuing for all currently employed persons, and Defendant should be ordered to change its pay practices for the class of similarly situated into the future.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for Judgment against Defendants and the following relief:

a. A ruling that Defendants have violated the FLSA and that the Medical Assistant position, and all variations of this name to describe the same position, should have been, and should now be classified as a non-exempt position;

b. An order conditionally designating and approving this matter to proceed as a collective action and approving the issuance of supervised notice pursuant to 29 U.S.C. § 216(b) to all similarly

  situated individuals and require Defendants to produce to Plaintiffs a list of all the names and contact information for the Putative Class;

c. An order enjoining Defendants from continued violations of the FLSA

d. Overtime wages for Plaintiffs and the class of similarly situated at the applicable default rate of time and one half their regular rates of pay for all hours worked more than forty (40) hours in each and every work week any work;

e. An order awarding Plaintiffs their reasonable attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b);

i. An Order or Judgment concluding that Defendants have willfully, and with a lack of good faith, violated the overtime provisions of the FLSA, including the time tracking requirements for non-exempt employees;

j. That the Court apply a three (3) year statute of limitations to the FLSA violations;

k. That the Court enjoin Defendants, pursuant to 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to members of the Putative Class;

l.   That the Court award Plaintiffs and members of the Putative Class overtime compensation for all the previous hours worked over forty (40) hours in any work week, during the past three (3) years, plus an equal sum as liquidated damages pursuant to §216 of the FLSA to the date of trial;

m.   That the Court award Plaintiffs Nurse and Whigham, a collective action representative or service fee award for their efforts and time dedicated to bringing justice through this action for the classes of similarly situated; and

n.   That the Court award any other legal and equitable relief as this Court may deem fair, just or appropriate.

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated this 20th day of November , 2019.

>   ***/s/Mitchell L. Feldman***
>   MITCHELL L. FELDMAN, ESQ.
>   Feldman Legal Group
>   Florida Bar No. 0080349
>   6940 W. Linebaugh Avenue, #101
>   Tampa, FL 33625
>   Phone: (813) 639-9366 -  Fax: (813) 639-9376
>   Email: mlf@feldmanlegal.us
>   Secondary: lschindler@feldmanlegal.us
>   *Attorney for the Representative Plaintiffs*
>   *and all similarly situated*